

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

Craig Carpenito970 Broad Street, Suite 700Phone: 973-645-2761
United States AttorneyNewark, New Jersey 07102Fax: 973-645-3988

*Margaret Mahoney*
*Assistant United States Attorney*

MaM/Plea.AGR
2016R00409

May 28, 2019

John O'Reilly, Esq.
McElory, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Ave, PO BOX 2075
Morristown, New Jersey 07962

Re:Plea Agreement: Robert Dombroski

Dear Mr. O'Reilly:

This letter sets forth the plea agreement between your client, Mr. Robert Dombroski, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this offer, the executed original must be received by this Office no later than close of business on June 14, 2019. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Robert Dombroski to a five-count Information that charges him in Count One with conspiracy to commit wire fraud, contrary to Title 18, United States Code, Section 1343 and in violation of Title 18, United States Code, Section 1349, and in Counts Two through Five with filing false Form OGE 450s knowing such forms to be false, fictitious, or fraudulent, in violation of Title 18, United States Code, Section 1001.

If Mr. Dombroski enters a guilty plea and is sentenced on these charges and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mr. Dombroski for the criminal conduct alleged in the Information, provided that Mr. Dombroski admits under oath at the time of his guilty plea to the criminal offenses describe above and that said conduct is taken into account as relevant conduct by the Court at the time of sentencing under U.S.S.G. Section 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Dombroski agrees that

any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Dombroski may be commenced against him, notwithstanding the expiration of the limitations period after Mr. Dombroski signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1349, charged in Count One of the Information to which Mr. Dombroski agrees to plead guilty, carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violations of Title 18, United States Code, Section 1001, charged in Counts Two through Five of the Information to which Mr. Dombroski also agrees to plead guilty, each carry a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count of the Information may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mr. Dombroski is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mr. Dombroski ultimately will receive.

Further, in addition to imposing any other penalty on Mr. Dombroski, the sentencing judge, with respect to each of the counts charged in the Information: (1) will order Mr. Dombroski to pay an assessment of $100 ($500 total) pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) must order Mr. Dombroski to pay restitution pursuant to Title 18, United States Code, Sections 3663 and 3663A et seq.; (3) may order Mr. Dombroski, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offense; and (4) pursuant to Title 18, United States Code, Section 3583, may require Mr. Dombroski to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Mr. Dombroski be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

Mr. Dombroski may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Dombroski by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Dombroski's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Mr. Dombroski agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mr. Dombroski from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mr. Dombroski waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

3

Immigration Consequences

Mr. Dombroski understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mr. Dombroski understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mr. Dombroski wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mr. Dombroski understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Mr. Dombroski waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Dombroski. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Department of Defense), or any third party from initiating or prosecuting any civil or administrative proceeding against Mr. Dombroski.

No provision of this agreement shall preclude Mr. Dombroski from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mr. Dombroski received constitutionally ineffective assistance of counsel.

4

No Other Promises

This agreement constitutes the plea agreement between Mr. Dombroski and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

> Very truly yours,
>
> Craig Carpenito, Esq.
> Acting United States Attorney
>
> By: *(signature)*
> Margaret Ann Mahoney
> Assistant U.S. Attorney

APPROVED:

*(signature)*

Ronnell L. Wilson
Co-Chief, National Security Unit

5

I have received this letter from my attorney, John O'Reilly, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____           Date: June 11, 2019
Mr. Robert Dombroski
Defendant


I have discussed with Mr. Dombroski this plea agreement and all of its provisions, including the provisions addressing the charges, sentencing, stipulations, waiver, and immigration consequences. Mr. Dombroski fully understands the plea agreement and wants to plead guilty pursuant to it.

_____           Date: June 11, 2019
John O'Reilly, Esq.
Counsel for Robert Dombroski

6

## Plea Agreement with Robert Dombroski

### Schedule A

1. This Office and Mr. Dombroski recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Mr. Dombroski nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Mr. Dombroski within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Mr. Dombroski further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective on November 1, 2018 applies in this case.

### Count One: Conspiracy to Commit Wire Fraud
(Group 1)

3. The applicable guideline is U.S.S.G. § 2X1.1(a), which requires application of the base offense level from the guideline for the substantive offense and any sentencing adjustments for that guideline.

4. The substantive offence is a violation of Title 18 U.S.C. § 1343, and the applicable guideline for that offence is U.S.S.G. § 2B1.1(a)(1). This guideline carries a Base Offense level of 7.

5. The total reasonably foreseeable loss in this case was more than $40,000 but not more than $95,000. Therefore, the offense level is increased by 6 levels pursuant to U.S.S.G 2B1.1(b)(1)(D).

6. The total offense level for conspiracy to commit wire fraud is 13 (Group 1).

### Counts Two through Five: Filing False OGE 450s
(Group 2)[1]

7. The applicable guideline is U.S.S.G. § 2B.1.1, which requires the application of a base level 6. U.S.S.G. § 2B1.1(a)(2).

---

[1] Pursuant to U.S.S.G. § 3D1.1 and 3D1.2, multiple counts that involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, such as those charged in Counts Two through and Five of the Information, are to be grouped together into a single group. See U.S.S.G. § 3D1.2 (b).

7

8.  The total reasonably foreseeable loss in this case was more than $40,000 but not more than $95,000. Therefore, the offense level is increased by 6 levels. U.S.S.G § 2B1.1(b)(1)(D).

9.  The total offense level for Counts Two through Five ("Group 2") is 12.[2]

## Unit Analysis

10. Pursuant to U.S.S.G. § 3D1.4(a), Group 1 is the Group with the highest offense level because it has an adjusted base offense level of 13. Accordingly, Group 1 counts as one Unit.

11. Pursuant to U.S.S.G. § 3D1.4(a), Group 2 is counted as one additional Unit because Group 2 is "1 to 4 levels less serious than the Group with the highest offense level, namely Group 1.

12. There are two Units. Pursuant to U.S.S.G. § 3D1.4, two Units results in an increase of 2 levels above the offense level applicable to the Group with the highest offense level, which in this instance is Group 1. Accordingly, the combined offense level is 15.

13. As of the date of this letter, Mr. Dombroski has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mr. Dombroski's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Mr. Dombroski is 13 (the "Agreed Total Offense Level").

15. Mr. Dombroski knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under Title 18, United States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the

---

[2] Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the group is the highest offense level of the counts in the group. Here, the offenses charged in Counts Two through Five each result in the same offense level, namely, an offense level of 12. Accordingly, the offense level for Group 2 is 12.

8

parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

     16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.